No. 956.

THE STATE OF LOUISIANA vs. ALEXANDER WILLIAMS.

Defendant's wife having been heard as witness for her husband in this case, before the district attorney could object to her answering the questions propounded, the evidence was on motion of said district attorney ruled out on the ground that the wife could not testify for or against her husband.

There was error in this ruling. The wife was not a competent witness for or against her husband. She could have been excluded from testifying. But the objection should have been made to her testifying at all. After testifying it was too late to have her testimony stricken out. If the fact be that the district attorney did not discover that the witness was the defendant's wife until after she had testified, the fact should have been stated in the bill.

APPEAL from the Ninth Judicial District Court, parish of Rapides. *Orsborn, J.* Criminal case. *E. G. Hunter,* District Attorney, for plaintiff and appellee. *R. P. Hunter,* for defendant and appellant.

MORGAN, J. The defendant, convicted of an assault with intent to commit a rape, appeals from the judgment which sentenced him to imprisonment at hard labor for one year.

On the trial he offered as a witness his wife, to establish the fact that at the time the offense charged against him was committed, he was in his own house and bed, at some distance from the house where the person upon whom the assault was made resided. The witness, it would appear, had answered to question before the district attorney could object. The evidence was, on motion of the district attorney ruled out, on the ground that the wife could not testify for or against her husband. To this ruling of the court the defendant excepted. There was error in this ruling. The wife is not a competent witness for or against her husband. She could have been excluded from testifying. But the objection should have been made to her testifying at all. After testifying it was too late to have her testimony stricken out. We do not understand how " the evidence went to the jury before the district attorney could object." If the fact be that the district attorney did not discover that the witness was the defendant's wife until after she had testified, the

State vs. Williams.

fact should have been stated in the bill. As it is, we see nothing except the fact that the witness testified, and that the evidence went to the jury before the district attorney could object.

It is therefore ordered, adjudged, and decreed that the judgment of the district court be avoided and annulled, and that the case be remanded to be proceeded with according to law.

LUDELING, C. J., *dissenting.* The evidence of the *wife* was properly stricken from the record, on motion of the district attorney. There is nothing to show that the district attorney knew she was his wife till she had testified.

I dissent from the opinion of the court.