(67 South. 813)

No. 21048.

STATE v. McCLOSKEY.

In re McCLOSKEY.

(Feb. 8, 1915. Rehearing Denied March 8, 1915.)

(Syllabus by Editorial Staff.)

1. INFANTS ⬥⟞18—JUVENILE COURT—NEGLECTED CHILD—CONSTITUTIONAL PROVISION.
By Const. art. 118, § 3, the juvenile court has jurisdiction of the custody, as between state and parents, of a neglected child, so that the jurisdiction in such case of the juvenile court is simultaneous with that of the court in which suit for separation from bed and board is pending between the parents; the jurisdiction of the latter court being confined to controversies as between the parents over the custody of the child.

[Ed. Note.—For other cases, see Infants, Cent. Dig. § 18; Dec. Dig. ⬥⟞18.]

2. PROHIBITION ⬥⟞28—JUVENILE COURT—DETERMINATION OF JURISDICTION.
On application for prohibition against the judge of the juvenile court, who awarded the custody of a child to her mother, a finding of fact of such court as to whether the child was neglected as defined in Const. art. 118, § 3, so as to establish its jurisdiction, must be taken as true by the Supreme Court.

[Ed. Note.—For other cases, see Prohibition, Cent. Dig. § 77; Dec. Dig. ⬥⟞28.]

O'Niell, J., dissenting.

Application by George T. McCloskey for writs of prohibition and certiorari. Order nisi recalled, and application denied.

McCloskey & Benedict, of New Orleans, for relator. Loys Charbonnet, of New Orleans, for respondent.

PROVOSTY, J. The relator in this case, alleging that he is a man of means; that there is pending in the civil district court a suit in separation from bed and board between himself and his wife, in which he has prayed that the custody of their minor child be awarded to him; that in the meantime he has had the said child in his possession, and has been taking proper care of it; that his wife has gone into the juvenile court, and there sworn out an affidavit untruthfully charging said child with being a neglected and abandoned child; that the judge of the said juvenile court, notwithstanding notice given to him of the pendency of the said separation from bed and board suit, and of relator being a man of means, and taking all due and proper care of said child, has ordered said child taken from relator, and, notwithstanding the remonstrance of relator, has turned over said child to relator's said wife upon her furnishing bond in the sum

of $1,000; and alleging, further, that, for two reasons, the said juvenile court has no jurisdiction of said child: First, because the awarding of the custody of said child belongs to the civil district court, as an incident to the separation from bed and board suit; and, second, because said child is neither neglected nor abandoned, but is being taken good care of by its father, a man of means—prayed that this court issue writs of prohibition and certiorari for bringing up all the proceedings in the matter into this court for review; and the said writ of certiorari was accordingly issued, and the judge of the juvenile court was ordered to show cause why the writ of prohibition should not issue.

The two legal questions sought to be presented to this court by the relator in the said application are: First, whether the juvenile court has jurisdiction of the children of a marriage pending a suit for separation from bed and board between the parents in another court; and, second, whether the juvenile court has jurisdiction of a child that is being well taken care of by its parents.

[1] The juvenile court and the court in which a suit in separation from bed and board is pending between the parents of a child may have simultaneous, though not concurrent, or conflicting, jurisdiction of the custody of the child; that of the juvenile court to be exercised as between the state, or, so to speak, the child, and the parents of the child; and that of the other court to be exercised as between the two parents. In the instant case, on the assumption of the child Iska McCloskey not being a neglected child within the meaning of that term as defined by the Constitution (article 118, § 3), the juvenile court is utterly without jurisdiction of her custody, and the civil district court has exclusive jurisdiction. On the contrary assumption, the juvenile court has jurisdiction.

[2] With the facts of the case this court has nothing to do, but must assume that the learned judge of the juvenile court exercised jurisdiction because he found upon the facts that the said child of relator was a neglected child within the meaning of that term as expressly, carefully, and explicitly defined by said article of the Constitution.

The order nisi herein is recalled, and the application of relator is denied at his cost.

O'NIELL, J., dissents.