## No. 10,817.

THE PEOPLE *v.* JUVENILE COURT OF THE CITY AND COUNTY
OF DENVER, ET AL.

Decided June 2, 1924.

On petition for writ of prohibition.

*Rule to show cause discharged.*

1.  JUVENILE COURTS—*Jurisdiction*—*Dependent Children.* Under the
    provisions of chapter 78, S. L. '23, juvenile courts have exclu-
    sive jurisdiction in matters concerning the dependency of
    children, and are not to be deprived of that jurisdiction by pro-
    ceedings with reference to children in divorce cases.

*Original Proceeding.*

Mr. REES D. REES, Mr. C. E. WAMPLER, for petitioner.

Mr. BEN B. LINDSEY, for respondents.

*En banc.*

MR. JUSTICE DENISON delivered the opinion of the court.

THE people, on the relation of Fred F. Heyer, petitioned
this court for a writ of prohibition to the juvenile court of
Denver. A rule to show cause was granted.

The essential facts are as follows: Hattie C. Heyer sued
the relator in the Denver district court for divorce. The
custody of their three children was granted by that court
to him, but the court at the same time granted a stay, and
time for a bill of exceptions. During the stay she filed a
petition in the juvenile court, stating that the children
were dependent and there was such a controversy concern-
ing their custody as warranted the state in assuming guard-
ianship over them. The relator appeared in the proceed-
ing and objected by answer that the juvenile court had no
jurisdiction because the district court had assumed and
necessarily retained full jurisdiction. A demurrer to the
answer was sustained and judgment rendered awarding
the custody of the children to the mother and ordering that

they should remain under the jurisdiction of the juvenile court. The juvenile court claims the right to do this because it has, it claims, exclusive jurisdiction of such matters.

We think the claim is well founded.

The constitutional amendment of 1912, Const. 1921, art. VI, § 1, gave the Legislature power to give the juvenile court exclusive jurisdiction of matters involving minors. In 1923 the Legislature enacted chapter 78 of that year, saying "Such courts shall have coordinate jurisdiction with the District and County courts" in certain cases. "Such courts shall also * * * have exclusive jurisdiction, subject to appeals and writs of error, * * * in all cases concerning neglected, dependent or delinquent children, * * * custody or disposition of children and the care and protection of their persons from neglect, cruelty, abuse. * * * "Nothing in this act shall be construed to revoke or interfere with the jurisdiction, practice or proceedings as now provided by law in other courts of record in this state, in cases in such courts relating to the custody or disposition of children in divorce cases," * * * "Provided, that the disposition of the custody of children in any divorce case shall not be held to interfere with the jurisdiction of the juvenile court in cases concerning the dependency of such children under the laws of this state concerning dependent children." We must harmonize these sentences if we can.

We have concluded that the most reasonable construction of the whole section is that the juvenile court having exclusive jurisdiction in matters concerning the dependency of children, is not to be deprived of that jurisdiction by proceedings with reference to children in the divorce court; that the divorce court may proceed with reference to children as heretofore, subject to the power of the juvenile court to deal with those children if they are or become dependents.

The result in the present case would be that since the children are accused of dependency in the juvenile court,

it can proceed; and when that dependency is denied, it has jurisdiction to try that issue of fact. If it determines that they are dependent, that judgment must be treated like any other judgment, subject to review in the supreme court. It cannot be said that the district court, having acquired jurisdiction over the children cannot be ousted therefrom, because that would be to violate that part of the act which says that juvenile courts shall not be interfered with by reason of any proceeding in a divorce case; and while such a decision seems to conflict with that provision which says that the act shall not interfere with the jurisdiction of other courts of the state relating to the custody or disposition of children, yet it is not necessarily more inconsistent with it than are our criminal laws which permit the seizure upon a charge of crime or lunacy of a minor, from the custody of the parent to whom the district court has granted it; so here the minor may be seized from the custody of its parent to whom the court has confided it and tried for dependency or delinquency.

The rule to show cause is discharged.

MR. CHIEF JUSTICE TELLER not participating.