## No. 10,997.

PEOPLE, EX REL. CRUZ *v.* MORLEY, DISTRICT JUDGE.

Decided July 7, 1924.   Opinion adhered to February 2, 1925.

Petition for writ of prohibition.

### *Rule Discharged.*

1. STATUTES—*Construction—Juvenile Courts.* Chapters 75 and 78, S. L. '23, and amended section 1, article VI of the Constitution, considered, and held that the jurisdiction of juvenile courts is concurrent with district courts as to original cases of the people against or concerning any minor, and exclusive as to other matters concerning those of 18 years of age or under.

2. COURTS—*District—Jurisdiction—Statutes.* The constitutional jurisdiction of district courts is unlimited. It should not be limited without circumspection, and no statute should be held to limit it unless it says so plainly.

3. *Jurisdiction.* In cases where jurisdiction of the subject matter is concurrent, that court which first acquires jurisdiction over the case controls it.

### *On Rehearing.*

4. PROHIBITION—*Minors—Jurisdiction.* Even if under the statutes a person under the age of 18 years may not be a criminal, this does not affect the jurisdiction of the district court over such persons in criminal cases, and prohibition will not lie.

### *Original Proceeding.*

Mr. J. C. DUNN, Mr. WAYNE C. WILLIAMS, Attorney General, Mr. CHARLES ROACH, Deputy, for petitioner.

Mr. PHILIP VAN CISE, Mr. KENNETH W. ROBINSON, for respondent.

### *On Rehearing.*

Mr. J. C. DUNN, Mr. W. W. GRANT, JR., Mr. KARL C. SCHUYLER, Mr. HALSTED L. RITTER, Mr. ERNEST MORRIS, Mr. HORACE N. HAWKINS, Mr. REES D. REES, Mr. GOLDING FAIRFIELD, Mr. HUGH O'NEILL, Mr. OMAR E. GARWOOD, Mr. WAYNE C. WILLIAMS, Attorney General, Mr. CHARLES ROACH DEPUTY, for petitioner.

Mr. PHILIP S. VAN CISE, Mr. KENNETH W. ROBINSON, for respondent.

Mr. BEN B. LINDSEY, Mr. JAMES H. PERSHING, amici curiae.

*En banc.*

MR. JUSTICE DENISON delivered the opinion of the court.

THE People, ex rel. Manuel Cruz, petitioned for prohibition against the Honorable Clarence J. Morley, one of the judges of the district court of Denver. We granted a rule to show cause. The district attorney demurs to the petition, and the question before us is whether the facts stated therein are sufficient to show that the district court has no jurisdiction over the cause in question.

The petition is technically defective, but, since no objection is made on that ground, we do not regard such defects. It alleges that Manuel Cruz, a minor seventeen years of age, was indicted in the district court for burglary, larceny and receiving stolen goods; that he is not an inmate or under the control of any institution or other authority of the state; that his plea to the jurisdiction of said court has been overruled, and that that court will proceed to try him unless prohibited, and is without jurisdiction to do so. This raises the question of the meaning of the acts of 1923, chapters 75 and 78, and amended section 1 of article VI of the Colorado Constitution, which we have just considered in *People v. Juvenile Court,* 75 Colo. 493, 226 Pac. 866. Our conclusion is that the district court has jurisdiction of the case.

The Constitution, article VI, section 1, originally read: "The judicial power of the state, as to matters of law and equity, except as in the Constitution otherwise provided, shall be vested in a supreme court, district courts, county courts, justices of the peace, and such other courts as may be provided by law." R. S. 1908.

In 1912 the following was added: "In counties and cities and counties having a population exceeding 100,000, exclusive original jurisdiction in cases involving minors and persons whose offenses concern minors may be vested in a separate court now or hereafter established by law."

Section 11 of said article is as follows: "The district courts shall have original jurisdiction of all causes both at law and in equity, and such appellate jurisdiction as may be conferred by law." * * *.

No attempt was made by legislation to grant the exclusive jurisdiction permitted by the amendment of section 1, until 1923. Chapters 75 and 78 of the Session Laws of that year contain the following: "The words 'delinquent child' shall include any child eighteen years of age or under such age who violates any law of this state. * * *" S. L. 1923, c. 75, p. 197.

The relator is charged with violation of a law of this state, therefore, if guilty, he is delinquent. If his delinquency is denied, the juvenile court may try the issue. *People v. Juvenile Court, supra.*

"Any child committing any of the acts herein mentioned may be proceeded against in the courts of record of this state having jurisdiction over juveniles in the manner provided for in this act: * * *" S. L. 1923, c. 75, p. 198.

The relator is charged with the commission of one of "the acts herein mentioned" and therefore may be prosecuted in a court of record having jurisdiction over juveniles, i. e., the juvenile court.

Juvenile courts "shall have coordinate jurisdiction with the district and county courts of this state in any criminal

case of the people against or concerning any person under the age of twenty-one years,   *   *   *   and in proceedings concerning the annulment of marriages, where either of the parties thereto are under the age of twenty-one years at the time of filing such case in such court, and in cases under the Redemption of Offenders Act, being Chapter 199, page 478, Session Laws of 1909.   Such courts shall also, in their respective counties, have exclusive jurisdiction, subject to appeals and writs of error as provided by law, in all cases concerning neglected, dependent or delinquent children or persons who cause, encourage or contribute thereto, and in all cases concerning the adoption, custody or disposition of children and the care and protection of their persons from neglect, cruelty, abuse and proceedings concerning feeble-minded children; provided that in all cases of feeble-minded children under the age of twenty-one years the proceedings in such courts shall be as provided in Chapter 118 of the Session Laws of 1915, page 336 thereof,   *   *   *."   S. L. 1923, c. 78, p. 209.

The case before the district court is a "criminal case of the people against and concerning a person under the age of twenty-one years," therefore the district court has coordinate jurisdiction with the juvenile court over it.   But it is a case concerning a delinquent child, therefore the juvenile court has exclusive jurisdiction.   By this section, then, we are told that the district court has jurisdiction of the case before it, and that it has not, yet we must say what the section means.

The inconsistency here is much more definite and positive than that considered in *People v. Juvenile Court, supra,* and its solution much more difficult.

There are two possible interpretations which may be given to these statutes, neither of which, however, is satisfactory:

1.   One is that the juvenile and district courts have coordinate jurisdiction in cases of persons nineteen to twenty-one years of age, and the juvenile court exclusive jurisdiction of persons eighteen or under.   If, however,

this is what the legislature meant, it is inexplicable that they did not say so in plain terms. It is almost inconceivable that the legislature should, under an apparent grant to one court of jurisdiction over a certain subject co-ordinate with another, deprive that other of 19/21 of the jurisdiction which it had before. Moreover by this construction section 2 is inconsistent with itself, because it gives coordinate jurisdiction as to all under 21 and *"also* * * * exclusive jurisdiction"* as to all eighteen or under.

2.   The second meaning is that the jurisdiction is co-ordinate as to criminal cases of the people against or concerning any minor, and exclusive as to other matters *concerning* those eighteen or under. This makes the section consistent with itself, and, while it seems inconsistent with the definition of delinquent and dependent children in chapter 75, it is not necessarily so. That chapter, except by the quotation from page 198, which we notice below, does not refer to the jurisdiction of any court. It defines a delinquent as one who has broken the law, but it says nothing about criminal cases or cases by the people against him. This second interpretation, therefore, is the one to be preferred, and is not at variance with our construction of this section in *People v. Juvenile Court, supra.*

There are additional reasons for this preference, although, when taken alone, they are perhaps inconclusive. The constitutional jurisdiction of the district court is unlimited. It should not be limited without circumspection, and no statute should be held to limit it unless it says so plainly, which this statute does not. Then too the above quoted provision of c. 75, "Any child * * * may be proceeded against in the courts of record in this state having jurisdiction over juveniles," should read "must" for "may" to approach consistency with the interpretation first above stated, but, reading "may" more nearly agrees with the second construction. These two acts were passed by one legislature and approved on the same day and should be made to agree if possible.

In cases where the jurisdiction of the subject matter is

concurrent, that court which first acquires jurisdiction over the case controls it.   15 C. J. 1134, § 583.

It follows, then, that the district court has jurisdiction. We are less concerned about the results of this judgment because it is easy for the legislature to amend the statutes to make them say plainly what it wishes.

Rule discharged.

## On Rehearing.

MR. JUSTICE DENISON: This case has been argued orally on rehearing with great ability.  The kernel of the argument is that by reason of various acts of our legislature a person under the age of eighteen years cannot be a criminal and therefore there can be no "criminal case" against him and that consequently a proceeding against him in the district court is not within the category "any criminal case of the people against or concerning any person under the age of twenty-one years," and so the juvenile court has not co-ordinate jurisdiction with the district court over such case and therefore the district court has no jurisdiction over it.

One flaw in this reasoning is shown by the proposition that there may be a criminal case against one not a criminal, even against one incapable of crime, e. g., at common law, infants under ten and insane persons; the fact therefore that the relator cannot be a criminal does not reach the question of jurisdiction, however erroneous it might be to convict him of a crime.  We cannot therefore prohibit the district court.

Then, too, the statute C. L. § 667, says that "as far as practicable any delinquent child shall be treated, not as a criminal."  How far is it practicable to treat the relator not as a criminal?  We do not know.  Under the terms of the statute providing for co-ordinate jurisdiction the legislature apparently thought that the district court might be able to determine that question, and it is not for us to say it could not.  See *People v. Juvenile Court,* cited in our

former opinion.   We still think the rule should be discharged.

Rule discharged.

MR. CHIEF JUSTICE ALLEN dissents.

MR. JUSTICE CAMPBELL specially concurring:

In connection with, or as added to, the opinion of Mr. Justice Denison on the application for a rehearing the following suggestions are submitted.

Section 1 of article VI of the Constitution, as amended in 1912, vests the judicial power of the state in certain designated courts and provides that in counties and cities and counties having a population exceeding one hundred thousand, exclusive original jurisdiction in cases involving minors and persons whose offenses concern minors, may be vested in a separate court now or hereafter established by law.   It is under a statute passed by our General Assembly under the authority given by this section that the claim is made that exclusive jurisdiction is now vested in the Juvenile Court of the City and County of Denver in cases involving minors and persons whose offenses concern minors.   In a persuasive oral argument on the petition for a rehearing it was contended that if the procedure statute of 1923, the one said to confer exclusive jurisdiction, relating to juvenile courts, which amended a former act containing "shall" and substituted "may", stood alone, the natural and probable construction would or might be that district courts and juvenile courts still have concurrent jurisdiction of criminal offenses relating to minors, but other cited statutes relating to the juvenile courts have the effect of making it incompetent for minors under eighteen years of age to commit a crime.   In other words, that the General Assembly not directly but by construction in legal effect abolished the criminal law of this state so far as it concerns minors under eighteen years of age.   It does not seem to me possible that the General Assembly intended

such a result or that it used language from which such inference or construction may reasonably be made; but, if it be conceded that by such statutes minors under eighteen years of age are incapable of committing crime and that no prosecution of them for criminal offenses may be maintained; that is, if the statutes have so provided, they would be held unconstitutional. This is so not only because the title, but the body of the various acts are restricted to what is ordinarily referred to as the chancery powers of the juvenile court. Such statutes might be questionable, also, because not based upon any reasonable ground of classification. They would certainly be contrary to, and inconsistent with, section 1 of article VI on which depends the exclusive jurisdiction of juvenile courts in criminal offenses relating to minors. That is to say, section 1 of article VI as amended pre-supposes that there are and will be criminal offenses relating to minors over which the General Assembly may by statute confer exclusive jurisdiction upon juvenile courts in the designated counties. If criminal offenses are abolished, as learned counsel so adroitly argues, this amended section of the Constitution would be meaningless, at least inoperative. Neither the district courts nor the juvenile courts would have any jurisdiction of criminal offenses relating to minors if there are no such offenses. The exclusive jurisdiction mentioned in section 1 of article VI, so far as concerns the question before us, is jurisdiction of criminal offenses relating to minors. The oral argument, logically extended, proves too much, for if a minor is incapable of committing crime, there is no jurisdiction, either exclusive or concurrent, in any court over a non-existent subject matter.