No. ——

First Circuit

------

BANK OF ACADIA v. LAFOSSE

------

(Jan. 7, 1927.   Opinion and Decree.)
(Feb. 12, 1927.   Rehearing Refused.)

------

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Evidence—Par. 220, 236, 240.**

Parol proof is properly admitted as evidence· against a third party of a re-trocession of one-half interest in land to the vendor who credited the. note with the consideration for the retrocession.

2. **Louisiana Digest—Fraudulent Conveyances—Par. 12, 29, 31, 134.**

A retrocession of one-half interest in the land sold before a judgment was obtained by a third party will not be considered a simulation or fraudulent transfer for the purpose of defeating the interest of the third party, the evidence showing that the retrocession was made merely because the purchaser could not pay for the land.

Appeal from the Parish of Acadia. Hon. W. W. Bailey, Judge.

Action by Bank of Acadia against Hubert Lafosse.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Medlenka & Bruner, of Crowley, attorneys for plaintiff, appellant.

Gremillion & Smith, of Crowley, attorneys for defendant, appellee.

MOUTON, J.   In 1918, John S. Thibodeaux sold to Hubert Lafosse, ˙defendant, 20 acres of land for $400.00 cash, as was declared in the act of sale. November 12, 1924, Hubert Lafosse deeded an undivided half of the same 20 acres to John S. Thibodeaux, from whom he had acquired. On November 28, 1924, plaintiff bank obtained a judgment against Lafosse, defendant, for $1000.00, which was recorded on the same date.

Plaintiff brings this suit to annul the sale by Lafosse to John S. Thibodeaux as being a sham or simulation; and in the alternative, because it was a pignorative contract, a frudulent transfer, or a fraudulent giving in payment by Lafosse to

Thibodeaux to the injury of plaintiff, a creditor; and lastly, on the ground that the price given for the property was one-fifth below its real value. The, issues presented for decision are as to whether the sale was a simulation or a payment by Lafosse attempted to defraud the bank of its just rights.

The demand was rejected. Plaintiff appeals.

It was declared in the deed from Thibodeaux to Lafosse that the price for the 20 acres was for $400.00 cash. Plaintiff objected to parol evidence offered by defendant to show that instead of $400.00 cash, Lafosse had given Thibodeaux a note for that amount as a consideration for the land.

Mrs. Lafosse having died after Lafosse bought the property, their children became owners of 10 undivided acres. Lafosse being unable to pay the $400.00 for the purchase of the land, made a retrocession of his one-half to Thibodeaux, the vendor, who credited the note with $200.00 in consideration of the one-half so retroceded. The parol proof was offered to show those facts; was admitted by the court, and, we think properly, particularly as against plaintiff, a third party. Barry vs. La. Ins. Co., 11 M. (O. S.) 630; State vs. McCloskey, 136 La. 739, 67 So. 813; Com. Jer. Trust & Savings Bank vs. White, 145 La. 54, 81 So. 753.

The retrocession made by Lafosse is attacked by plaintiff on the grounds above stated. In the contract of sale, the non-payment of the price is the event constituting the resolutory condition. C. C. 2651. The accomplishment of this condition has a retroactive effect to the day of the contract. C. C. 2141. Things are put in the same condition as though the contract had never been made. Chase vs.

Bell, 32 La. Ann. 461. It is not disputed that the retrocession was made before plaintiff had obtained its judgment against Lafosse, or had had it registered. It is therefore clear that by the retroactive effect of the retrocession by which Thibodeaux was restored to his ownership, that the land was unaffected by any mortgage rights that could have resulted from the judgment of the bank. Counsel for plaintiff refer us to State vs. Williams, 28 La. Ann. 604. In that case, the record owner of the property gave a conventional mortgage on it to Beckner and Brother. Suit was brought to have the sale dissolved, under the resolutory condition, and for the recovery of the land free of the incumbrance which had been placed upon it. This was denied, and the mortgage was enforced. Here, there was no incumbrance resulting from any mortgage, judicial or conventional, in favor of the bank at the time of the retrocession, and the rule of law governing in the case cited by plaintiff does not apply.

In their brief counsel for plaintiff say:

"It is hornbook law in Louisiana, that a debtor can not give to one creditor, to the prejudice of other ,creditors, anything but cash current money."

Standing on that statement, if we properly appreciate contentions of counsel, the bank contends that the retrocession by Lafosse to Thibodeaux was a giving in payment in fraud of its rights as a creditor. The obligation of the buyer is to pay the price of sale. C. C. 2549. If he does not pay, the seller may obtain a dissolution of the sale by suit, or by retrocession from the vendee, who having a defeasible title, restores the ownership of the thing to the vendor. Things are thus placed in the same condition as though the contract had never been made. In making such a retrocession the vendee is not giving a

thing in payment which belongs to him and to the detriment of his creditors.

The principle of law invoked by plaintiff does not govern in a case of this character. It is clearly proved that the defendant owed the price he had agreed to pay for the property, and that it was retroceded for its non-payment. It is therefore apparent, that the act of retrocession was neither a simulation or a fraudulent transfer. It was simply a retrocession which placed the parties in the same situation which existed prior to the sale from Thibodeaux to Lafosse, and which afforded no basis for the complaints urged by plaintiff.

The action was properly dismissed.