## No. 12,448.

### Ross *v.* Ross.
(5 P. [2d] 246)

Decided November 2, 1931.

Mr. JOHN H. DENISON, Mr. RICHARD H. HART, Mr. CASS M. HERRINGTON, Mr. VICTOR A. MILLER, for plaintiff in error.

Messrs. BLOUNT, SILVERSTEIN & ROSNER, Messrs. BENEDICT & PHELPS, for defendant in error.

*En Banc.*

MR. JUSTICE BUTLER delivered the opinion of the court.

THIS controversy is over the custody of Joan Ross, the child of John Chaffee Ross and Georgia Orahood Ross, called herein the father and the mother.

The mother sued the father in the district court for a divorce, and on September 28, 1928, she was granted a divorce and was awarded the custody of Joan. On June 26, 1929, Frederick R. Ross, the child's grandfather, filed a petition in the juvenile court, alleging facts constituting dependency; and further alleging that the mother was unfiit to have the custody of the child, that John C. Ross, the father, had no home but his father's in which to care for the child, and that the petitioner and his wife were willing to accept the custody. He prayed that the child be adjudged dependent and taken in charge by the state and committed to custody. On July 1, the father inter-

vened, joining in the allegations and prayer of his father's petition. On July 23, before that petition was heard by the juvenile court, the father petitioned the district court for a modification of the divorce decree so as to award to his parents the custody of the child. On July 30, the mother moved in the district court to dismiss the petition for want of jurisdiction on the ground that the question of the child's dependency was before the juvenile court and that its jurisdiction was exclusive. As an alternative, she moved that the proceeding be abated until the determination of the dependency proceeding by the juvenile court. These motions were overruled. At the close of the hearing on the father's petition, no order having been made by the juvenile court concerning the custody of the child, the district court modified its decree, and awarded the custody of the child to her grandparents, Frederick R. Ross and his wife.

1. The principal contention of counsel for the mother is that upon the commencement of the dependency proceeding in the juvenile court, the district court ceased to have jurisdiction to hear the father's petition to change that part of the decree that concerned the custody of the child, and therefore that the order based upon that petition was void.

Section 1 of article VI of the Constitution, as amended in 1912, contains this provision: "In counties and cities and counties having a population exceeding 100,000, exclusive original jurisdiction in cases involving minors * * * may be vested in a separate court now or hereafter established by law." In the exercise of the power thus conferred, the Legislature, in 1923, passed an amendment to the Juvenile Court Act. Section 2 of that act was amended so as to confer upon juvenile courts in counties and in cities and counties having 100,000 or more inhabitants "exclusive jurisdiction * * * in all cases concerning neglected, dependent or delinquent children," with a proviso, "that nothing in this Act shall be construed to revoke or interfere with the jurisdiction, prac-

tice or proceedings as now provided by law in other courts of record in this state, in cases in such courts relating to the custody or disposition of children in divorce cases;'' and with the further proviso, ''that the disposition of the custody of children in any divorce case shall not be held to interfere with the jurisdiction of the juvenile court in cases concerning .the dependency of such children under the laws of this state concerning dependent children.'' S. L. 1923, c. 78, p. 208, et seq.

In *People v. Juvenile Court,* 75 Colo. 493, 226 Pac. 866, we had occasion to consider these provisions. Mrs. Heyer sued her husband in the district court for separate maintenance. By cross-complaint he sought a divorce. The court awarded to the husband the custody of the minor children. During the period of a stay of execution Mrs. Heyer petitioned the juvenile court to have the children declared dependents. The husband, by answer, objected that the juvenile court had no jurisdiction. A demurrer to the answer was sustained, and the juvenile court awarded the custody of the children to the mother. Thereupon the husband applied to this court for a writ of prohibition. The writ was denied. We held that the order of the district court awarding custody of the children to the father must give way to the subsequent order of the juvenile court awarding custody to the mother. In the opinion, Mr. Justice Denison, speaking for the court, said that ''the juvenile court, having exclusive jurisdiction in matters concerning the dependency of children, is not to be deprived of that jurisdiction by proceedings with reference to children in the divorce court; that the divorce court may proceed with reference to children as heretofore, subject to the power of the juvenile court to deal with those children if they are or become dependents.''

In the Heyer case the juvenile court made an order concerning custody after the order of the district court was made, whereas in the present case the juvenile court made no such order. In the present case a new question

is presented, namely: Is the district court, which, prior to the commencement of a dependency proceeding in the juvenile court, has made a decree granting a divorce and awarding the custody of a child, deprived of jurisdiction to amend its decree by changing such custody, by the mere fact that in the meantime such dependency proceeding was commenced? The Constitution originally conferred upon district courts general jurisdiction. The limitation upon that jurisdiction imposed by the Act of 1923, passed under the authority conferred by the constitutional amendment of 1912, must be enforced, but only to the extent made necessary by that act.

██ The proceedings in the two courts are between different parties. Dependency proceedings are required to be entitled "the people, in the interest of the child, * * * and concerning" a named respondent. S. L. 1923, c. 78, p. 210. Any person residing in the county and "having knowledge of a child * * * who appears to be a dependent or neglected child," may institute the proceeding in the juvenile court by filing a petition. C. L. §604. It is made the duty of the county attorney or the district attorney, when requested by the court, to appear "in behalf of the petition" in any examination of witnesses, and, upon request of the court or any petitioner, to file petitions and conduct the necessary proceedings. C. L. §606. In a divorce suit, on the other hand, the parties of record are the husband and the wife, the proceedings are conducted by their own attorneys, and the object sought is a judicial separation. While the court may award custody of the children to either parent, or to each alternately, or to a third person, it does so merely as an incident to the divorce suit and regardless of the question of dependency or delinquency. C. L. §5599. The jurisdiction of the divorce court is exercised as between the husband and the wife; that of the juvenile court, "as between the state, or, so to speak, the child, and the parents of the child." *State v. McCloskey,*

136 La. 739, 67 So. 813. The two courts may have simultaneous, though not concurrent, jurisdiction concerning the custody of the child. *Id.* But where both courts have made orders concerning such custody, the operation of the order of the divorce court is suspended during the period, and only during the period, that the order of the juvenile court remains in force.

In the present case the institution of the dependency proceeding in the juvenile court did not deprive the district court of jurisdiction to hear and determine the father's petition. We cannot sustain the contention of counsel for the mother that the district court had no jurisdiction to modify its decree so as to award to the grandparents the custody of Joan.

2. Counsel for the mother say that by electing to intervene in the dependency proceeding, the father was barred from seeking relief in the district court. The doctrine of election of remedies does not apply in the situation here presented.

3. It is said that the trial court erred in considering evidence of matters that occurred prior to the entry of the decree awarding custody to the mother.

While it is true that ordinarily a custody order should be modified only when the conditions have changed since the order was made, or material facts previously unknown have been discovered, it is also true that in certain circumstances the court may consider evidence introduced prior to the decree. Courts are disposed—properly so—to award to the mother, until otherwise ordered, the custody of very young children, especially girls, even where the mother's conduct has been such that if the child were older its custody would have been placed elsewhere. Conduct of the mother that would have no detrimental effect upon a child so young that its powers of observation and imitation are close to the minimum might be considered by the court sufficient cause to take from the mother the custody of a child somewhat

older. Much depends upon the nature of the mother's conduct and the age and intelligence of the child. At the time the divorce case was tried and the court made its findings of fact upon which the decree was based Joan was about three years old. At the time the decree was modified she was over five. That her powers of observation and imitation had increased was evidenced by her use of certain improper words that her mother sometimes used.

There was introduced some evidence relating to the mother's conduct before the signing of the divorce decree and some relating to her conduct thereafter. The former conduct shed some light upon the latter, and enabled the court to form a more accurate judgment concerning the moral character of the latter.

We cannot say that the court erred in considering the evidence objected to; nor can we say that the evidence was not sufficient to sustain the trial court's findings and order.

4. Complaint is made of the rejection of certain evidence offered by the plaintiff.

■ (a) In cross-examining Frederick R. Ross, counsel for the mother sought to show that the witness was unfit to be custodian of the child for the reason, as we understand it, that he had made a failure of raising his son, as evidenced by the divorce decree. But the divorce decree was before the court, together with the findings upon which it was based. The court's ruling, sustaining the objection to the question and rejecting the offer, if error, was not prejudicial.

■ (b) At the close of the evidence counsel for the mother moved for a continuance to enable her to bring witnesses to show unfitness of the defendant's father and fitness of the plaintiff's mother to be custodian of Joan. The continuance was not granted. The assignment of error based upon the court's failure to grant the continuance cannot be sustained. The matter was discretionary

with the court, and the court did not abuse its discretion. The judgment is affirmed.

MR. CHIEF JUSTICE ADAMS and MR. JUSTICE MOORE concur in the conclusion sustaining the jurisdiction of the district court. MR. JUSTICE CAMPBELL did not participate.