**The PEOPLE of the State of Colorado,
Plaintiff-Appellee,**

v.

**Minoru and Carol Ann HIGA,
Defendants-Appellants.**

**Nos. 85CA0284, 85CA0287.**

Colorado Court of Appeals,
Div. II.

Jan. 8, 1987.

Rehearings Denied Feb. 5, 1987.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Patricia Hummons Clark, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Rachel A. Bellis, Deputy State Public Defender, Denver, for defendant-appellant Minoru Higa.

David F. Vela, Colorado State Public Defender, Barbara S. Blackman, Deputy State Public Defender, Denver, for defendant-appellant Carol Ann Higa.

STERNBERG, Judge.

Defendants, Minoru Higa and his wife Carol Ann Higa, appeal convictions entered upon jury verdicts finding them each guilty of first degree sexual assault, sexual assault on a child, and aggravated incest. These convictions are based upon incidents involving the two female children of Minoru's former marriage. We reverse, and remand for a new trial.

I.

A procedural irregularity occurred at defendants' trial which raises a threshold issue. After both parties had concluded their presentation of evidence in the Arapahoe County District Court, the trial court was informed that one of the jurors had been admitted to Fitzsimmons Army Medical Center, a federal installation located in Adams County, Colorado, with pneumonia in the right lung. The defendants refused to waive a twelve-person jury.

The trial court's solution to this dilemma was to reconvene the trial at Fitzsimmons, after the deputy commander there had made appropriate preparations, for the limited purpose of allowing the jurors to hear closing arguments, receive their instructions, and deliberate on the case. As a precaution the court allowed counsel to *voir dire* the ill juror and his doctor first, to satisfy themselves that the juror would be alert and attentive throughout the argument and deliberation portion of the trial. While the defendants objected to moving the trial to Fitzsimmons, they participated in this *voir dire* and made no objections afterwards. Argument took place, the jury deliberated and reached its verdict, and the ill juror signed the verdict forms. Thereafter, the court reconvened at the courthouse in Littleton, where it received the verdict and entered the judgments of conviction.

Defendants argue that the trial court deprived itself of jurisdiction over the concluding portion of the trial by this procedure. As a basis for this contention, they cite § 13-1-116, C.R.S., which provides that:

"Every court of record shall sit at the county seat of the county in which it is held, except as otherwise may be provided by law."

Defendants argue that, because there is no specific statutory authority for a district court to conclude a trial in another county, the latter portion of the trial is void. They also assert that a retrial would violate their constitutional protection against double jeopardy. We conclude there was no loss of jurisdiction and that retrial will not constitute double jeopardy.

Nationwide, the cases are not uniform as to whether the proceedings of a court at a place other than that prescribed by law are void or merely irregular. 20 Am.Jur.2d *Courts* § 26 (1965). *See Annot.*, 18 A.L. R.3d 572 at § 6 (1968).

In Colorado, the jurisdiction of the district courts is fixed by Colo. Const. art. VI, § 9(1). That jurisdiction is unlimited, both geographically and substantively, and no statute should be held to limit it unless it does so plainly. *See People ex. rel. Cruz v. Morley*, 77 Colo. 25, 234 P. 178 (1925). Furthermore, jurisdiction of district court judges is statewide, *see Bacher v. District Court*, 186 Colo. 314, 527 P.2d 56 (1974), and is presumed to exist. *See Weiss-Chapman Drug Co. v. People*, 39 Colo. 374, 89 P. 778 (1907).

As to the statute in question, it is found in the "general provisions" article of Title 13, rather than in § 13–1–124, C.R.S., entitled "Jurisdiction of Courts." Moreover, it does not explicitly state that it is jurisdictional in nature. The record shows that the district court did sit at the county seat for all purposes except closing arguments and jury deliberation, and no prejudice to the defendants was proven. In these narrow circumstances, it would defy the practical thrust of § 13–1–116 to construe it as depriving the court of jurisdiction. Hence, we find defendants' allegations of error under Crim.P. 31 to be without merit, and we hold that the trial was not "improperly terminated" so as to bar retrial either under § 18–1–301(1)(d), C.R.S. (1986 Repl.Vol. 8B) or because of constitutional double jeopardy considerations. For

these reasons, we also find no violation of Crim.P. 18.

## II.

We do agree, however, with defendants' contention that the trial court committed reversible error by permitting the psychiatrist who examined one of the children to present her opinion as to that child's truthfulness on a specific occasion. The psychiatrist testified that, in her opinion, the child's original statements to her about the sexual assaults were truthful, and the child's denial of those statements as the court date approached was a lie.

While expert opinion on whether children generally have the sophistication to lie about having experienced a sexual assault is admissible, *see People v. Ashley*, 687 P.2d 473 (Colo.App.1984), neither a lay nor expert witness may give opinion testimony with respect to whether a witness is telling the truth on a specific occasion. CRE 608(b); *People v. Koon*, 713 P.2d 410 (Colo.App.1985). Such testimony invades the province of the jury with respect to its determination of credibility. Moreover, the victim's character for truthfulness had not been directly attacked by defendants so as to allow even general opinion evidence as to the victim's character for truthfulness. CRE 608(a); *Tevlin v. People*, 715 P.2d 338 (Colo.1986).

The evidence against defendants in this case was not so overwhelming that we can say this evidentiary error did not substantially influence the verdict against the defendants. Therefore, it constituted reversible error. *See People v. Koon, supra.*

## III.

Defenants were convicted of first degree sexual assault as a class two felony. First degree sexual assault is a class three felony unless attended by one or more of the circumstances enumerated in § 18–3–402(3), C.R.S. (1986 Repl.Vol. 8B). Defendants' convictions were elevated to a class two felony under § 18–3–402(3)(a), C.R.S. (1986 Repl.Vol. 8B) (sexual assault physi-

cally aided or abetted by one or more other persons).

The only evidence in the record supporting the enhancement of defendants' convictions to class two felonies is testimony by the victim and an investigating detective from the juvenile division that Carol Ann Higa entered the room when the victim was allegedly assaulted by her father, observed the assault and, during the assault, clapped her hands and said, "Yeah, yeah."

While this evidence of encouragement may be sufficient to support the convictions of Carol Ann Higa on a complicity theory, it is insufficient as a matter of law to satisfy the "physically aided and abetted" standard of § 18–3–402(3)(a). Thus, retrial of Minoru Higa for first degree sexual assault must be for a class three felony. Similarly, if Carol Ann Higa is retried on a complicity theory, it also must be for a class three felony. *See Beigel v. People*, 683 P.2d 1188 (Colo.1984).

Because we reverse these convictions and remand for a new trial on grounds of evidentiary error, it is unnecessary to address defendant's claims of ineffective assistance of counsel.

The judgments of convictions are reversed, and the cause is remanded for a new trial.

SMITH and KELLY, JJ., concur.