No. 17,934.

RAYMOND KEARNEY *v.* STELLA KEARNEY BLUE.

(301 P. [2d] 515)

Decided September 12, 1956.

Messrs. GALLIGAN & FOLEY, for plaintiff in error.

Mr. L. E. F. TALKINGTON, for defendant in error.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the Court.

APRIL 11, 1949, Stella Kearney, now defendant in error, signed and filed a petition in dependency in the juvenile court of the City and County of Denver. A copy of this petition is not reflected in the record. It is stated by counsel for plaintiff in error that this original petition was in the interest of, and concerned with, Gregory Kearney, born on the 26th day of November, 1946, and an unborn child. This statement of counsel is supported by a copy of the summons issued therein on April 28, 1949, captioned:

"IN THE MATTER OF THE PEOPLE IN THE INTEREST OF

"Gregory Kearney ...............Dependent
Unborn child ....................Dependent

"UPON THE PETITION OF

"Stella Kearney ...................Petitioner

"AND CONCERNING

"Raymond Kearney ...............Respondent"

The petition for dependency reflected in the record before us is undoubtedly an amended petition, because in the petition it relates not only Gregory Kearney, above mentioned, born the 26th day of November, 1946, but in addition thereto it names as dependents Jeneanne Kearney, born October 19, 1949, which would be five months after the date of the original petition and summons, and also includes Douglas Kearney, born October 3, 1950, and Lois Kathleen Kearney, born March 7, 1952. It is stated therein that on November 15, 1955, the original petition was amended to show that the petitioner had remarried and is known as Stella Blue.

Following the filing of what we assume to be the original petition, and on the 28th day of April, 1949, the juvenile court entered an order declaring Gregory Kearney and the unborn child dependents and wards of the juvenile court and placed the custody in the petitioner, and further ordered that the father, Raymond Kearney, be required to pay $80.00 per month into the registry

of the court for child support. After the uninterrupted contingency of the birth of another child the petition was amended to include the latest offspring, which amendments were made on February 14, 1952, and May 15, 1952, to include the name of the mentioned unborn child. At a hearing before a referee of the juvenile court on August 28, 1952, it was found that Stella Kearney and Raymond Kearney, petitioner and respondent, were separated, and at that time an additional award of $90.00 each two weeks was made, and the petition, apparently upon suggestion, and nothing else, was amended without any formalities of the statutes upon each new arrival in this unrestrained effort for perpetuation of the race.

This is an instance where the juvenile court, through its referee, was supervising the family life of petitioner and respondent and assumed the difficult task of the family budgeting. We must bear in mind that the petition is captioned "Petition in Dependency" and not "Petition Involving Contributing to Dependents." To act upon this petition or any amendments thereto nothing could be determined except that the child or children involved are dependent and neglected children (chapter 22, article 1, C.R.S. '53), and such a petition can only be filed in behalf of the state. *Everett v. Barry,* 127 Colo. 34, 252 P. (2d) 826. November 23, 1955, plaintiff in error filed a petition for vacation of all former proceedings in the case; and further, in the alternative, for a reduction of support money down to the statutory limit if the court had jurisdiction in the matter.

█ The juvenile court, being a creature of statutory provision, is confined to the mandates of the statute creating it and defining its operations. C.R.S. '53, 22-1-1 defines dependent and neglected children, and a child under the age of eighteen years that falls within the classification of a dependent or neglected child becomes a ward of the state and the state can intervene. The original petition should have been dismissed on the

court's own motion when it was fully advised of the fact, or could take notice thereof, that petitioner and respondent, the husband and wife, had continued to live together over the years involved.

 Nowhere in chapter 22, C.R.S. '53, do we find any provided procedure by which the juvenile court has authority to order payments by a father to a mother for the support of the children in an action based upon a petition in dependency. There is a provision under article 2, C.R.S. '53, 22-2-1 for penalty for neglect of children. Provision is made in the case where a child as defined in the article is dependent or neglected, the parent or person responsible for such dependency or neglect shall be guilty of a misdemeanor and if convicted thereof may be fined and imprisoned; however, the court may suspend such a sentence conditioned upon furnishing a bond which is posted for the payment of such an amount as the court may order not exceeding $15.00 per month for each child.

 There is no jurisdiction given to the juvenile court of contests about custody of children, whether it is between parents or other individuals. *Everett v. Barry, supra.*

The statutes covering these matters contained in chapter 22, C.R.S. '53, were not only not followed, but were violated in the instant case. This is disclosed by the summary manner in which the original petition in dependency was amended from time to time after the birth of additional children. To follow this statute, it was necessary that a new petition in writing be filed setting forth all the facts concerning what constituted the child a dependent and verified by the affidavit of the petitioner. Without such a petition the juvenile court had no jurisdiction over the subject matter. It is ridiculous to assume that a petition such as we have here, verified on April 11, 1949, covering the facts as of that date, can cover children born at a later date in 1949 and in 1950 and 1952. Any order entered on this petition

regarding support was void and consequently all subsequent orders were likewise void.

Concluding, we may indulge in an observation that the entire matter here involved was properly one for determination by a divorce proceeding by which proper jurisdiction of the person and subject matter could be had and all parties properly protected. This case is fundamentally a dispute between the parents involving care of the children, and over which the juvenile court has no jurisdiction.

The motion to vacate the orders and dismiss the complaint should have been granted. The judgment therefore is reversed and the cause remanded with directions to proceed in accordance with the views herein expressed.