496 P.2d 265

**STATE of Utah, in the Interest of Kriss KEERAN (2–4–62), a person under 18 years of age, Appellant,**

v.

**Janet DeVALMONT, Respondent.**

**No. 12702.**

Supreme Court of Utah.

April 25, 1972.

Vernon B. Romney, Atty. Gen., Grant S. Kesler, Robert B. Hansen, Verl R. Topham, Asst. Attys. Gen., Salt Lake City, for appellant.

**348**

Richard I. Aaron, Salt Lake City, for respondent.

TUCKETT, Justice:

This is an appeal from an order of the Juvenile Court ordering the Division of Family Services to pay for the costs of certain proceedings in the State of Texas. From an order made and entered the State of Utah has appealed to this Court.

On June 27, 1969, a petition was filed in the Second District Juvenile Court alleging that Kriss Keeran was a neglected and dependent child. While the proceedings were pending the child was taken to the State of Texas by his father, Charles Keeran, while the mother of the child was a patient at the Utah State Hospital. Some time prior to September 1970, Mr. and Mrs. Raymond Brown of Devine, Texas, assumed custody of the child with consent of the father. After the mother had been released from the State Hospital, the Juvenile Court attempted to have the child returned to the State of Utah and issued an order directing the Browns to return the child. The Browns refused to comply with the order and retained custody of Kriss. The Court then made the order we are here concerned with which provided that the Division of Family Services pay the reasonable costs of legal services to enable Janet DeValmont, the mother of Kriss, to initiate and pursue proceedings in the courts of the State of Texas to regain custody of the boy.

The suit contemplated by the order of the Juvenile Court is a private matter. A careful examination of the statutes pertaining to the organization, jurisdiction and powers of the Juvenile Court do not reveal that the Court had authority to obligate the use of public monies to enable the mother of the child to undertake the contemplated proceedings in the State of Texas. The fact that the mother is impecunious and without means of her own to initiate and carry out such an action while unfortunate, does not enlarge the powers of the Court. Without statutory authorization the Juvenile Court was powerless to provide the assistance to her contemplated by the order. The Juvenile Court was created by the legislature and it can only exercise the powers granted by that body.[1]

The order of the Juvenile Court is reversed. No costs awarded.

CALLISTER, C. J., and ELLETT, HENRIOD and CROCKETT, JJ., concur.

---

1. Kearney v. Blue, 134 Colo. 217, 301 P.2d 515.