## No. 25831

**Jerry E. D. Wood v. The District Court in and for the County of El Paso, State of Colorado, the The Honorable Robert W. Johnson, one of the Judges thereof**

(508 P.2d 134)

Decided March 12, 1973.

Joseph P. Jenkins, for petitioner.

Michael J. Wood, for respondents.

MR. JUSTICE DAY delivered the opinion of the Court.

This is an original proceeding in which the jurisdiction of the El Paso district court — to grant a writ of habeas corpus in a custody dispute — is challenged. We issued a rule to show

cause, and now discharge the rule.

On August 31, 1970, petitioner Jerry E. D. Wood (herein referred to as the father) and Shirley Ann Wood, now Shirley Ann Dowling (the mother) were granted a decree of divorce in the district court for Arapahoe County. Pursuant to visitation rights in that decree, the father received his three children. Upon expiration of the period of visitation, the two younger children were returned to the mother, who lives in El Paso County, but the oldest child, James Dale Wood, was retained by the father, contrary to the custody order.

On September 19, 1972, Mrs. Dowling filed an affidavit in El Paso County which resulted in the issuance of a criminal complaint and of a warrant for the arrest of the father for violation of custody, pursuant to 1971 Perm. Supp., C.R.S. 1963, 40-3-304. He was subsequently arrested and jailed in Larimer County but later removed to El Paso County, where he made bond.

On October 25, 1972, the mother filed a petition for writ of habeas corpus in the El Paso County district court, alleging that the boy James Dale was being confined and deprived of his liberty by the father. Pending in Arapahoe County is a motion for change of custody filed by the father.

At a preliminary hearing on the criminal charge, the father was served with a writ of habeas corpus ordering him to appear and produce the child on the date specified therein. Neither one appeared in response to the writ, but special appearance by counsel was entered challenging the court's jurisdiction.

Among the grounds argued before, but rejected by the trial court were that the father was immune from process while attending the preliminary hearing; that the venue was improper; that the mother had failed to exhaust her remedies; and that the court lacked jurisdiction because of the continuing jurisdiction vested in the Arapahoe County district court. In addition to denying the motions, the El Paso County district court made the writ permanent and ordered the father to deliver the child to the mother. That order has been stayed pending our disposition of this original

proceeding which is now at issue.

■ The precise question presented here has never been before this court. In the situation at bar where the original custody award and the subsequent habeas corpus proceeding are in the same state, but in different courts, other jurisdictions have held with persuasive reasoning that, although the habeas corpus court would not have jurisdiction to test the wisdom of or to modify the custody decree, it can and should make the writ permanent to enforce the decree and should order the child returned to the one lawfully entitled to custody. *See Annot.,* 4 A.L.R. 3d § § 10 and 16. Any other disposition of the habeas corpus would result in a conflict of jurisdiction and produce confusion in the orderly process of the law.

■ A number of decisions in Colorado has firmly established that the court in which the custody decree was issued has continuing jurisdiction over the matter of custody as well as support of the children. *Johnson v. Black,* 137 Colo. 119, 322 P.2d 99; *Evans v. Evans,* 136 Colo. 6, 314 P.2d 291; *McMillin v. McMillin,* 114 Colo. 247, 158 P.2d 444, 160 A.L.R. 396. *See also Noonen v. Noonen,* 166 Colo. 331, 443 P.2d 723. With the father's motion for modification of the decree pending in Arapahoe County, his remedy lies there.

In the habeas corpus proceeding the court properly did not consider the adjudication of custody, but merely ordered the child restored to the mother who was granted custody by the Arapahoe County district court decree. For the court to do otherwise would condone the father's action in illegally retaining the child in definance of the court order, and were we in this proceeding to interfere with the habeas corpus action in the El Paso County district court, we would likewise be aiding the father in defying the court decree.

The rule is discharged.

MR. JUSTICE KELLEY does not participate.