**In re the MARRIAGE OF Daniel DAVIS, Appellee,**

**and**

**Rosa Lea Davis, Appellant.**

**No. 78–1225.**

Colorado Court of Appeals, Div. II.

Oct. 25, 1979.

Lutz & Berkowitz, P. C., Stephen N. Berkowitz, Denver, for appellee.

James C. Vaughters, Denver, for appellant.

RULAND, Judge.

The appellant (mother) appeals from an order of the trial court dismissing her motion for modification of custody of the parties' three minor children. We affirm.

When the marriage of the parties was dissolved in 1976, custody of two sons and a daughter was awarded to the father. The mother filed her verified motion for modification in 1978, alleging various changes of

circumstances for the children, the father, and herself. No opposing affidavits were filed by the father, and a hearing on the motion was held.

At the hearing, the mother presented the testimony of the guardian ad litem who had been appointed at the time of the dissolution proceedings. He testified that he had recently talked with the father and his new wife, with the mother, and with the two boys, aged 14 and 13, and that, in his opinion, the children "would be as well off in the custody of either parent." He felt that a change in their school environment would be disruptive and recommended joint custody if the mother could move into the neighborhood where the children attended school. He did not think, however, that the children would otherwise benefit from a change.

The mother and the mother's boyfriend also testified, and the trial court interviewed the two boys in chambers. Thereafter, it granted the father's motion to dismiss, concluding that the mother had failed to establish a prima facie case in support of her motion.

On this appeal the mother contends that the trial court failed to apply the statutory standards for modification. Specifically, she maintains that her undisputed evidence of changes of circumstances sufficed to establish a prima facie case for modification; that under § 14–10–132, C.R.S.1973, her verified motion alleging such changes placed the burden of proof or of going forward on the father; and that the trial court failed to take into account the best interest of the children. We find no merit in these contentions.

Section 14–10–131(2), C.R.S.1973, provides in pertinent part:

"The court shall not modify a prior custody decree unless it finds, upon the basis of facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child or his custodian and that the modification is necessary to serve the best interests of the child. In applying these standards, the court *shall retain the custodian established by the prior decree unless:*

.    .    .    .    .

(c) The child's present environment endangers his physical health or significantly impairs his emotional development and the harm likely to be caused by a change of environment is outweighed by the advantage of a change to the child." (emphasis supplied)

■ Here, the trial court found that the mother failed to establish either that the children's physical health was endangered or that their emotional development was significantly impaired. It concluded that this was true despite problems in the father's relationship with his sons which the court perceived and brought to the attention of the father. The court's finding is supported by ample, competent evidence. Hence, the clear mandate of the statute precluded a modification of the custody decree. *See Christian v. Randall*, 33 Colo.App. 129, 516 P.2d 132 (1973). And, by making this finding, the court applied the principles for determining the best interest of the children under § 14–10–131(2).

Contrary to the wife's further contention, it is implicit in the court's order that it considered and rejected the recommendation for joint custody made by the guardian ad litem. The court found, in effect, that it could not rely on the mother's ability to establish a stable home in the neighborhood of the school, or a consistent relationship with her boyfriend.

■ We also do not agree with the mother that where, as here, the motion for change is verified, the statute places the burden of proof or of going forward on the custodial parent. The party seeking a modification has the burden of proving that the statutory standards justifying the change are present. *See Groves v. Groves*, 567 P.2d 459 (Mont.1977) construing a statute identical to § 14–10–132, C.R.S.1973; *see generally* 9A *Uniform Laws, Annot. Matrimony Family & Health Laws* § 409 (Commissioner's Note).

Finally, the mother contends that the trial court abused its discretion in not interviewing the parties' youngest child. She concedes that the statute permits but does not require the court to interview a child. Here, although the court did not make a formal ruling with respect to interviewing the nearly eight-year-old daughter, the record reflects that it considered her too young. We note that the guardian ad litem shared this view. Given these circumstances, we cannot agree with the mother that the trial court abused its discretion.

Order affirmed.

PIERCE and BERMAN, JJ., concur.