In re the MARRIAGE OF Robert Booth ECKMAN, Appellee,

and

Evalena Myra Eckman, Appellant.

No. 81CA0856.

Colorado Court of Appeals, Div. I.

April 22, 1982.

Harshman, Deister, Larson & McBee, Thomas M. Deister, Grand Junction, for appellee.

John A. MacDonald, Colorado Rural Legal Services, Grand Junction, for appellant.

SILVERSTEIN,* Judge.

Evalena Eckman (mother) appeals an order of the trial court which awarded custody of two minor children to Robert Eckman (father). We set aside the order and remand the cause to the trial court.

I.

The mother contends that the trial court had no jurisdiction to enter the order. We agree.

The facts pertinent to this appeal are undisputed. On January 26, 1979, the marriage of the parties was dissolved by a decree of the Mesa County District Court in which custody of the parties' two minor children was awarded to the mother.

* Retired Court of Appeals Judge sitting by assignment of the Chief Justice under provisions of the *Colo.Const.*, Art. VI, Sec. 5(3), and § 24–51–607(5), C.R.S.1973 (1981 Cum.Supp.)

Thereafter, the mother and the children moved from Mesa County to Arapahoe County. On or about April 4, 1980, the Arapahoe County Department of Social Services (Department) filed in the Arapahoe County District Court a dependency and neglect petition concerning the children. A protective order by that court entered April 7, 1980, awarded legal custody to the Department, and the children were placed in a foster home. On May 13, 1980, by protective order, temporary custody was continued in the Department, and the children were placed with their father in Grand Junction.

On September 12, 1980, the father filed in the Mesa County District Court a motion for change of custody. On March 16, 1981, over the objection of the mother, a hearing was held on the motion, and the court changed permanent custody of the children to the father. The order gave visitation rights to the mother.

The order further stated that: "[T]hese orders will be suspended during the operation of the current custody order of the Arapahoe County District Court. Upon termination of the custody order of [that] court, the order of this court shall become immediately effective." On May 29, 1981, the petition in the Arapahoe County District Court was dismissed.

In entering its order, the trial court relied on *Ross v. Ross*, 89 Colo. 536, 5 P.2d 246 (1931), which held under similar facts:

"The jurisdiction of the divorce court is exercised as between the husband and the wife; that of the juvenile court, 'as between the state, or, so to speak, the child, and the parents of the child.' (citation omitted) The two courts may have simultaneous, though not concurrent, jurisdiction concerning the custody of the child. But where both courts have made orders concerning such custody, the operation of the order of the divorce court is suspended during the period, and only during the period, that the order of the juvenile court remain in force."

However, this case is not controlling here, since in 1967 the Children's Code was amended, and the section on jurisdiction, § 19-1-104, C.R.S.1973, provides in pertinent part:

"(5) Nothing in this section shall deprive the district court of jurisdiction ... when the question of legal custody is incidental to the determination of a cause in the district court, except that:

(a) If a petition involving the same child is pending in juvenile court ... the district court shall certify the question of legal custody to the juvenile court."

This statute was not relied on by the mother in the trial court, nor was it called to the court's attention. Nevertheless, it governs the procedure to be followed. The certification of the issue to the juvenile court is mandatory. *See Industrial Commission v. Plains Utility Co.*, 127 Colo. 506, 259 P.2d 282 (1953). Therefore, because the trial court lacked jurisdiction to hear the issue, the order must be set aside.

II.

The mother also contends that the trial court erred in not permitting her to introduce evidence of her situation prior to the filing of the dependency petition. In view of our foregoing ruling, this issue is moot because further proceedings as hereinafter ordered, will be governed by § 14-10-131, C.R.S.1973. *See In re Marriage of Davis*, 43 Colo.App. 302, 602 P.2d 904 (1979).

In view of the fact that the dependency petition has been dismissed by the Arapahoe County District Court, the Mesa County District Court now has jurisdiction to hear the motion.

The order is set aside, and the cause is remanded to the trial court for a new hearing on the motion. Pending the determination of the trial court following the hearing, the custody of the children shall remain with the father.

ENOCH, C. J., and STERNBERG, J., concur.