**CITY AND COUNTY OF DENVER, Colorado, A Municipal Corporation and the Denver Department of Social Services, Petitioners,**

v.

**The DISTRICT COURT OF the SECOND JUDICIAL DISTRICT, State of Colorado, and the Honorable Robert E. Kingsley, a Judge thereof, Respondents.**

No. 83SA412.

Supreme Court of Colorado, En Banc.

Jan. 30, 1984.

---

313

Stephen H. Kaplan, City Atty., Carol A. Polevoy, Robert Lubowitz, Asst. City Attys., Denver, for petitioners.

Zuckerman & Kleinman, P.C., Leo T. Zuckerman, Denver, for respondents.

KIRSHBAUM, Justice.

Petitioners, the Denver Department of Social Services (the Department) and the City and County of Denver, assert in this original proceeding that the respondent district court exceeded its jurisdiction by conducting a habeas corpus proceeding and ordering the Department to deliver custody of a minor child to the child's father.[1] We stayed the order and issued a rule to show cause why the relief requested should not be granted. We conclude that the district

court lacked jurisdiction to issue the order, and make the rule absolute.

On July 25, 1983, the Department filed in the Juvenile Court for the City and County of Denver a petition in dependency or neglect with respect to the child, pursuant to section 19–1–101, et seq., C.R.S.1973 (1978 Repl.Vol. 8).[2] The Department had conducted an investigation into the child's circumstances when the child's mother was arrested for alleged shoplifting.

The petition alleged in part that the name of the child's father was unknown; that the child's mother had failed to provide proper care of the child; that the child was homeless; and that the child had been kidnapped and had been sexually abused. The Department requested custody of the child "until it is known whether or not [the child is] subject to the jurisdiction of any other court and mother can provide the basis of ... appropriate supervision."

On July 25, 1983, the juvenile court awarded temporary custody of the child to the Department, without prejudice.[3] On July 29, 1983, it granted the Department's request that physical custody of the child be returned to the child's mother.

On September 20, 1983, a pretrial conference and detention hearing was conducted by the juvenile court.[4] On that date, an attorney representing the child's natural father appeared and filed a motion and supporting brief asserting that the juvenile court lacked jurisdiction over the child. In

1. This petition was filed pursuant to C.A.R. 21(a), which states in pertinent part as follows: "Relief in the nature of prohibition may be sought in the Supreme Court where the district court is proceeding without or in excess of its jurisdiction or where the district court has granted or denied change of venue in actions in rem or in actions where the statute prescribes the forum."
The petition does not raise any issue with respect to the pending juvenile court proceedings.

2. The petition invoked the jurisdiction of the juvenile court to consider the status of two children; this proceeding concerns only one of them.

3. Although petitioners have filed a copy of an order entered by the juvenile court on October 18, 1983, no transcript of any proceedings be-

fore the juvenile court or any other orders of that court have been forwarded to this court by the parties. Therefore, our discussion of what precisely occurred before the juvenile court is based upon statements contained in the petition filed with this court, which are not contradicted by respondents, and upon review of entries in the juvenile court's register of actions.

4. The register of actions of the juvenile court proceedings reflects that another hearing was held on August 2, 1983, at which hearing the father was neither present nor represented by counsel. The register also reflects that the case was at that time continued to September 20, 1983, for pretrial conference and further detention hearing.

**314**

support of his argument, the father apparently relied upon uncertified copies of a petition for habeas corpus filed April 25, 1983 in the District Court of Dallas County, Texas, and an April 26, 1983, writ of attachment issued by that court directing any Texas police official to deliver the child to the father and setting a hearing concerning possession of the child. The juvenile court continued the matter to October 18, 1983, for ruling on the father's motion and further investigation.[5] The juvenile court also continued in effect previous orders respecting custody of the child pending further proceedings.

On September 22, 1983, the father filed a verified petition for writ of habeas corpus with the respondent district court, seeking release of the child from the Department and delivery of the child to the father. The petition alleged that the father was the child's legal guardian; that the mother had removed the child from Texas without authority and in violation of a court order; that the Department held the child without legal basis; and that the father, as lawful custodial parent of the child, should be given immediate possession of the child. After a show-cause hearing conducted on September 27, 1983, the respondent district court ordered the Department to deliver possession of the child to the father. Petitioners challenge that order by this proceeding.

Petitioners contend that the filing of their dependency or neglect petition vested the juvenile court with exclusive continuing jurisdiction over the matter and that the district court has no jurisdiction at a later time to issue a writ of habeas corpus respecting the custody of the child. Under the circumstances of this case, we agree.

■ The Children's Code confers exclusive original jurisdiction of all dependency or neglect proceedings upon juvenile courts. Section 19–1–104(1)(c), C.R.S.1973

(1978 Repl.Vol. 8).[6] *See, e.g., People ex rel. A.M.D.*, 648 P.2d 625 (Colo.1982); *People ex rel. M.D.C.M.*, 34 Colo.App. 91, 522 P.2d 1234 (1974). Such jurisdiction is quite broad in scope. *Jaramillo v. District Court*, 173 Colo. 459, 480 P.2d 841 (1971). Juvenile courts are creatures of statute, however, and their jurisdiction does not extend beyond that established by the General Assembly. *Johnson v. Black*, 137 Colo. 119, 322 P.2d 99 (1958). Thus, this court has recognized that juvenile courts ordinarily do not have jurisdiction to determine custody disputes. *Kearney v. Blue*, 134 Colo. 217, 301 P.2d 515 (1956).

Section 19–1–104(5) of the Children's Code expressly addresses one aspect of the inevitable conflict which arises from the fact that juvenile and district courts may exercise concurrent jurisdiction over cases affecting the interests of a particular child, as follows:

"(5) Nothing in this section shall deprive the district court of jurisdiction to appoint a guardian for a child nor of jurisdiction to determine the legal custody of a child upon writ of habeas corpus or when the question of legal custody is incidental to the determination of a cause in the district court, except that:

(a) If a petition involving the same child is pending in juvenile court or if continuous jurisdiction has been previously acquired by juvenile court, the district court shall certify the question of legal custody to the juvenile court...."

■ The statute recognizes that in litigation involving custody of minor children different courts may be asked to resolve specific disputes over particular issues. Section 5(a) establishes the supremacy of the jurisdiction of the juvenile court to resolve the issue of dependency or neglect, and requires certification to the juvenile court of any issue of custody which may arise subsequently in a district court. *In*

---

**5.** On October 18, 1983, the juvenile court denied the father's motion contesting its jurisdiction.

**6.** Section 19–1–104(1)(c) provides in pertinent part:

"(1) Except as otherwise provided by law, the juvenile court shall have exclusive original jurisdiction in proceedings:

(c) Concerning any child who is neglected or dependent...."

*re Marriage of Eckman*, 645 P.2d 866 (Colo.App.1982).

The Department's filing of a valid petition for determination of dependency or neglect on July 25, 1983, conferred continuous exclusive jurisdiction upon the juvenile court to determine the status of the child.[7] *See People ex rel. Lucke v. County Court*, 109 Colo. 447, 126 P.2d 334 (1942). The petition for writ of habeas corpus, filed by the father on September 22, 1983, in essence required a determination of whether the father or the mother was the legal custodian of the child. Therefore, pursuant to section 19–1–104(5)(a), the district court had no jurisdiction to entertain such proceeding and was required to certify the habeas corpus proceeding to the juvenile court for ultimate resolution. *See Industrial Commission v. Plains Utility Co.*, 127 Colo. 506, 259 P.2d 282 (1953); *In re Marriage of Eckman, supra.*

Accordingly, we make the rule to show cause absolute, set aside the order of the district court, and direct the district court to certify the habeas corpus proceeding to the juvenile court in which the dependency or neglect proceeding is pending.

---

7. The father of the minor child does not allege that petitioners' filing of the petition for dependency and neglect was a ploy to change custody, *see People ex rel. S.S.T.*, 38 Colo.App. 110, 553 P.2d 82 (1976), and the petition in dependency and neglect states a prima facie case of a dependent or neglected child pursuant to § 19–1–103(20), C.R.S.1973 (1978 Repl.Vol. 8) (1983 Cum.Supp.). *See People ex rel. E.F.C.*, 30 Colo. App. 190, 490 P.2d 706 (1971).