The PEOPLE of the State of Colorado, Petitioner-Appellee, In the Interest of R.E., Minor-Child-Appellant,

And Concerning R.E., Respondent-Appellee,

and

T.E., Respondent.

No. 85CA1662.

Colorado Court of Appeals, Div. I.

Aug. 28, 1986.

Rehearing Denied Sept. 25, 1986.

Certiorari Denied (People) Dec. 22, 1986.

Gordon & Marschhausen, Pamela A. Gordon, Denver, Guardian Ad Litem.

Robert Main, Co. Atty., Rebecca Parker, Asst. Co. Atty., Commerce City, for petitioner-appellee.

Carpenter & Johnson, P.C., William L. Carpenter, Lakewood, for respondent-appellee.

ENOCH, Chief Judge.

The guardian ad litem for R.E., a minor child, appeals the trial court's dismissal of the dependency and neglect petition filed by the County Attorney. We reverse.

R.E.'s mother filed a petition for dissolution of marriage in the district court of Adams County. Subsequently, the County Attorney filed a petition in dependency and neglect, alleging that R.E. was a dependent and neglected child. At the pre-trial hearing before the Juvenile Commissioner, the County Attorney moved to dismiss the petition on the ground that "all matters concerning the child could be handled in the pending dissolution action." The Commissioner agreed, and dismissed the petition over the objection of the guardian ad litem.

The guardian ad litem sought review of the Commissioner's ruling and the trial court affirmed the dismissal without prejudice, ruling that: "[T]he [guardian ad litem] is ... allowed by statute to participate in a dependency and neglect proceeding but may not assume the role of the State in pursuing such a petition."

On appeal, the guardian ad litem contends that the proper role for a guardian ad litem in a dependency and neglect proceeding is analogous to that of an attorney in "multi-party civil litigation." Accordingly, she concludes that should one of the "plaintiffs" in the case—here the state—refuse to proceed with the case for any reason, the guardian ad litem may assume the role of the petitioner and continue the litigation. Although we do not agree with this interpretation of the statutes governing dependency and neglect proceedings, we conclude that this case should be reversed and remanded for a hearing to determine the status of R.E., *i.e.*, whether the child is dependent and neglected.

In § 19–10–113(3), C.R.S. (1985 Cum. Supp.), the General Assembly has directed the appointment of a guardian ad litem in every dependency and neglect proceeding in which there are allegations of child abuse, and has charged the one appointed with a number of responsibilities aimed at determining what is best for the child involved. That section provides in part:

"The guardian ad litem shall be charged in general with the representation of the child's interests. To that end he shall make such further investigations as he deems necessary to ascertain the facts, talk with or observe the child involved, interview witnesses and the foster parents of the child, and examine and cross-examine witnesses in both the adjudicatory and dispositional hearings and may introduce and examine his own witnesses, make recommendations to the court concerning the child's welfare, and *participate further in the proceedings to the degree necessary to adequately represent the child.*" (emphasis added)

The guardian ad litem argues that to "participate further in the proceedings to the degree necessary to adequately represent the child" includes assuming active presentation of the case if the state declines to do so.

The Children's Code, § 19–1–101, et seq., C.R.S. (1978 Repl.Vol. 8), does not specifically provide that only the state may bring actions in dependency and neglect. However, in *McCall v. District Court*, 651 P.2d 392 (Colo.1982), our supreme court held that the state is the exclusive party to bring such actions. *See also* § 19–3–102(1), C.R.S. (1978 Repl.Vol. 8). Here, the trial court ruled that the effect of *McCall* is to "limit ... intrusions [into the family] to those occasions when the State must, as *parens patriae*, intervene to protect a child.... To be consistent with *McCall*, the term 'participation' must be construed to limit the right to pursue a petition in dependency and neglect to the State."

■ We agree with the trial court's interpretation of *McCall* and hold that the state is the exclusive party to file a petition

in dependency and neglect. Section 19–10–113(3), C.R.S. (1985 Cum.Supp.) does not give a guardian ad litem the authority to assume the role of the state.

The question remains, however, whether, notwithstanding the state's request for dismissal of the petition in dependency and neglect, the trial court properly granted the dismissal. We conclude that it did not.

■ Contrary to the County Attorney's contention, the trial court is not required to dismiss a dependency and neglect petition merely because the state chooses for any reason not to pursue the proceedings. When the state, through the County Attorney, files such a petition, it must set forth credible facts supporting its belief that the child is dependent and neglected and that, for the child's own protection and well-being, he or she should be taken from existing custody and become a ward of the state. *See Everett v. Barry*, 127 Colo. 34, 252 P.2d 826 (1953). Because the state has made such allegations about the child's status, the child, through the guardian ad litem, is entitled to a determination of the merits, and the petition may not be dismissed over the objection of the guardian ad litem.

■ If there is such an objection, as there was in this case, the trial court must conduct a hearing and specifically determine whether the petition is supported by a preponderance of the competent evidence and the child is in fact dependent and neglected. *See* § 19–3–106(6)(a), C.R.S. (1985 Cum.Supp.). That determination may, of course, be appealed by the guardian ad litem.

■ We are further persuaded that a determination of whether R.E. is a dependent and neglected child is required in this case because the record is unclear as to what was meant when dismissal was requested on the ground that "all matters concerning the child could be handled in the domestic action." If the matter in dispute concerns the status of the child, *i.e.*, whether the child is dependent and neglected, the remedy lies exclusively in the juvenile court. *See Johnson v. Black*, 137 Colo. 119, 322 P.2d 99 (1958); § 19–1–104(6), C.R.S. (1978 Repl.Vol. 8). However, if the matter involves solely a dispute over custody of the child, and dependency and neglect is not an issue, then such a dispute must be handled in the dissolution of marriage action, and the juvenile court has no jurisdiction over the matter. *See Johnson v. Black, supra; Kearney v. Blue*, 134 Colo. 217, 301 P.2d 515 (1956); *cf.* § 19–1–104(6), C.R.S. (1978 Repl.Vol. 8).

A hearing is thus necessary here to clarify what matters need to be resolved, and whether the juvenile court, in which the dependency and neglect petition was filed, or the district court, in which the dissolution of marriage action was filed, properly has jurisdiction. If the sole issue is determined to be custody of the child, then the petition in dependency and neglect would be resolved by a determination that the child is not dependent and neglected, and termination of the case is required so the custody matter can be resolved in the dissolution proceedings. If, however, the child is found to be dependent or neglected, then the matter should proceed to the dispositional stage in the juvenile court.

Accordingly, the trial court's dismissal of the petition in dependency and neglect is reversed, and the cause is remanded for further proceedings consistent with this opinion.

PIERCE and METZGER, JJ., concur.