820 P.2d 1178 (1991)
The PEOPLE of the State of Colorado, Petitioner-Appellee,
In the Interest of G.S. and M.S., Children,
and Concerning S.S., Respondent-Appellee, and
D.S.K., Intervenor-Appellant.
No. 90CA1659.
Colorado Court of Appeals, Div. III.
October 10, 1991.
*1179 Peter L. Vana, III, Arapahoe County Atty., Rebecca Parker, Asst. Arapahoe County Atty., Littleton, for petitioner-appellee.
No appearance for respondent-appellee.
Deborah Turner Carney, P.C., Deborah Carney, Lakewood, for intervenor-appellant.
Opinion by Judge CRISWELL.
In this juvenile case, D.S.K. (grandmother) appeals from the trial court's dismissal of the petition for dependency and neglect which had been filed concerning her two grandchildren, G.S. and M.S. We affirm.
On May 22, 1990, after the disappearance of their mother under suspicious circumstances, a petition in dependency and neglect was filed as to G.S. and M.S. The children's father became a suspect in the mother's disappearance, but no charges resulting from the mother's disappearance have been filed against him. The children were initially removed from father's custody.
On June 15, 1990, a parent-child evaluation was conducted as to the father and the children. Thereafter, a stipulation to dismiss the petition for dependency and neglect was reached by the Department of Social Services (DSS), the guardian ad litem, *1180 and the father, based on the conclusion of these parties, concurred in by other involved agencies, that the parent-child evaluation and further investigation had revealed no outstanding protective issues concerning the children.
On July 17, 1990, grandmother filed a motion to intervene, expressing her concerns with respect to this stipulation. She objected to returning the children to her son-in-law's custody. Pending resolution of these objections, the court returned physical custody of the children to the father, took the stipulation to dismiss and grandmother's motion to intervene under advisement, and allowed the guardian ad litem additional time independently to investigate the children's safety.
At a later hearing, the guardian ad litem reported to the court that there were no further protective reasons to proceed with the dependency and neglect action. As grounds for this conclusion, the guardian ad litem relied on the parent-child evaluation, an independent investigation, and the evaluation that the children were doing well after having been returned to their father's custody. A caseworker from the DSS concurred with this conclusion and also recommended dismissal.
At this hearing, the court granted grandmother's motion to intervene. However, after hearing and considering the grounds for her objection, the court granted the joint motion of the guardian ad litem and the DSS to dismiss the petition.
Before us, grandmother contends the trial court abused its discretion in dismissing the dependency and neglect action over her objections. We disagree.
In a civil proceeding to determine whether a child is dependent or neglected, the state is placed in the position of parens patriae to determine what will best serve the interests of the child. People in Interest of D.A.K., 198 Colo. 11, 596 P.2d 747 (1979). Consequently, while the statutory scheme allows private persons to file reports of child neglect, the state is the exclusive party to file and prosecute dependency and neglect petitions. Section 19-3-206, C.R.S. (1990 Cum.Supp.); McCall v. District Court, 651 P.2d 392 (Colo.1982); People in Interest of R.E., 729 P.2d 1032 (Colo.App.1986).
Once a petition in dependency and neglect is filed, the proper party to represent the interests of the child is the guardian ad litem, if one is appointed by the court. The guardian ad litem is charged with participating in the proceedings to the degree necessary adequately to represent the child. Section 19-3-203, C.R.S. (1990 Cum.Supp.).
Here, the trial court appointed a guardian ad litem to represent the interests of M.S. and G.S. immediately after the DSS became involved. The guardian ad litem actively investigated the allegations of neglect of the father and was privy to the investigations conducted by the DSS and the law enforcement agencies. Based on this information, the guardian ad litem concluded that no protective issues existed. When DSS, after its own investigation, also concluded that no protective issues existed and recommended that the petition be dismissed, the guardian ad litem, on behalf of the children, concurred.
Once the petition has been filed, the trial court is not required to dismiss the petition merely because the state chooses, for any reason, not to pursue the proceedings. Thus, upon an objection by the guardian ad litem to a dismissal of a petition, the trial court must conduct a hearing and determine whether the petition is supported by a preponderance of competent evidence and whether the child is, in fact, dependent and neglected. People in Interest of R.E., supra.
This is so because the statute imposes upon the guardian ad litem the affirmative duty to participate in such proceedings to the extent necessary to represent the child. Section 19-3-203(3), C.R.S. (1990 Cum. Supp.)
This same duty of representation, however, is not imposed upon any grandparent. Thus, there is no reason to impose the same procedural requirements upon a trial court, if it is only a private party, and *1181 not the official representative of the child, that objects to the petition's dismissal.
Grandmother argues, however, that, because she was allowed to intervene and, thereby, to become a party to the litigation, the rule in People in Interest of R.E., supra, applies so that, when she objected, the trial court was required to conduct a hearing on the merits and could not enter a dismissal order based only upon the stipulation of the other parties. We conclude, however, that an order authorizing intervention does not have the effect of requiring the intervenor to be treated as the child's representative.
Even after the entry of such an order, it is the guardian ad litem, and not any private intervenor, who continues to represent the child's interest. Hence, we conclude that the trial court was not required to hold an evidentiary hearing before dismissing the petition, so long as its order of dismissal did not constitute an abuse of that court's discretion.
We agree with grandmother that the statute grants to the trial court exclusive jurisdiction over juvenile dependency and neglect cases and vests the court with discretion to direct the proceedings. We conclude, however, that there was no abuse of the trial court's discretion in this case.
Here, the state, represented by the DSS, the children, represented by their guardian ad litem, and the father all agreed that the petition should be dismissed. And, the trial court, in the exercise of its discretion, could properly rely on the representations of those three parties in acting upon their joint request. Based upon those representations, and the reasons detailed therein, there was no abuse of discretion here.
Judgment affirmed.
TURSI and PLANK, JJ., concur.