M. Lyle Dechant, Mesa County Attorney, Valerie J. Robison, Assistant County Attorney, Grand Junction, for Petitioner–Appellee.

Rebecca A. Casey, Guardian Ad Litem.

Rennard E. Hailey, Grand Junction, for Respondent–Appellant.

---

**The PEOPLE of the State of Colorado, Petitioner–Appellee, In the Interest of M.N. and S.N., Children,**

**and Concerning, R.N., Respondent–Appellant.**

**No. 97CA0295.**

Colorado Court of Appeals, Div. III.

Nov. 13, 1997.

Rehearing Denied Dec. 18, 1997.

Opinion by Judge BRIGGS.

In this dependency and neglect proceeding, R.N. (Father) appeals from a judgment terminating the parent-child legal relationship between him and his children, M.N. and S.N. He argues the trial court erred in proceeding to termination based on the motion of the guardian ad litem and in denying his request for a free transcript on appeal. We affirm.

## I.

Father's primary contention on appeal is that, just as the state has exclusive

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, sec. 5(3), and § 24–51–1105, C.R.S.1997

authority to file a dependency and neglect petition, it should have exclusive authority to file a motion to terminate the parent-child legal relationship. We are not persuaded.

The Colorado Children's Code does not specify the party or parties who may file a petition commencing dependency and neglect proceedings. Nor does it specify the party or parties who may file a motion during those proceedings for termination of the parent-child legal relationship. *See* §§ 19–3–501, 19–3–502, and 19–3–602, C.R.S.1997.

The supreme court has held that the state, in its position as *parens patriae,* is the exclusive party entitled to bring a petition in dependency or neglect. *L.G. v. People,* 890 P.2d 647 (Colo.1995). However, it does not necessarily follow that only the state may file a motion for termination.

The filing of a petition in dependency and neglect initiates proceedings that, regardless of outcome, may immediately disrupt the family relationship, *see* §§ 19–3–401 through 19–3–405, C.R.S.1997, and otherwise intrude into a family's privacy. And, of course, before the proceedings commence, no guardian ad litem has been appointed who can separately act in the interests of a dependent and neglected child. It is therefore appropriate, and not inconsistent with the role of the guardian ad litem, to limit the authority to commence dependency and neglect proceedings to the state. *See L.G. v. People, supra.*

In contrast, a motion for termination merely initiates another phase of the ongoing proceedings. As a motion, it is no more than a recommendation or request to the court. It is not the proceeding initiated, but its ultimate outcome, that may further substantially impact the family. The court retains the exclusive authority to determine whether any permanent change will be made in the parent-child legal relationship.

Further, to carry out the purposes of the Children's Code, its provisions are to be "liberally construed to serve the welfare of children and best interests of society." Section 19–1–102(2), C.R.S.1997. To construe the Children's Code as prohibiting the guardian ad litem from being able to file a motion for termination would not serve those purposes.

It is the guardian ad litem who is statutorily charged with the affirmative duty of representing the child's best interests in dependency and neglect proceedings. In order to fulfill that duty, the guardian ad litem is entitled by statute to receive all relevant reports and to be advised of all significant developments in the case. Section 19–3–203(2), C.R.S.1997. In addition, the guardian ad litem is required to talk with and observe the child and to make such further investigations as deemed necessary to ascertain the relevant facts. Section 19–3–203(3), C.R.S. 1997.

Armed with this knowledge, the guardian ad litem "is charged in general with the representation of the child's interests." Among other things, the guardian ad litem may "make recommendations to the court concerning the child's welfare, appeal matters to the court of appeals or the supreme court, and participate further in the proceedings to the degree necessary to adequately represent the child." Section 19–3–203(3), C.R.S.1997; *People in Interest of J.E.B.,* 854 P.2d 1372 (Colo.App.1993). In dependency and neglect proceedings, no single "recommendation" or act of "participation" may be more important in both adequately protecting a child's welfare and serving the best interests of society than the filing of a motion for termination.

In *People in Interest of R.E.,* 729 P.2d 1032 (Colo.App.1986), a division of this court determined that, notwithstanding the state's exclusive authority to *file* a dependency and neglect petition, a trial court is not required to *dismiss* dependency and neglect proceedings merely because the state chooses not to proceed with an adjudication. If the guardian ad litem objects to dismissal, the trial court is required to proceed to hearing and determine whether the evidence supports a finding that the child is in fact dependent and neglected.

Another division has distinguished the authority of a guardian ad litem to object to dismissal, as recognized in *R.E.,* from the lack of authority of other parties to do so. In *People in Interest of G.S.,* 820 P.2d 1178 (Colo.App.1991), the division concluded that the trial court could dismiss a dependency

and neglect action over the objection of a grandparent without a hearing, even though the grandparent had been granted leave to intervene as a party. The reasoning was that only the guardian ad litem is charged with the affirmative duty to participate in dependency and neglect proceedings to the extent necessary to represent the child adequately.

We see no reason to reach a different conclusion with respect to a guardian ad litem's authority to file a motion for termination. It would be anomalous for a guardian ad litem to have authority to object to the dismissal of a dependency and neglect proceeding and to appeal an order refusing to terminate the parent-child relationship, yet not have authority to initiate termination proceedings. More importantly, it would undercut the unique and vital role assigned by the Children's Code to the guardian ad litem in dependency and neglect proceedings.

We therefore conclude that, merely because the motion to terminate was filed by the guardian ad litem as the child's advocate, the trial court did not err in entering judgment terminating Father's parent-child legal relationship with his children. *See also* M. Walton & D. Schmalberger, *Standards of Practice for Guardians ad Litem,* 21 Colo. Law.1907, 1908 (September 1992)(guardian ad litem shall file written motions, responses, or objections when necessary to protect the best interest of the child, including, for example, "termination of parent-child legal relationship in dependency and neglect proceedings"); *see generally* § 19–1–103(59), C.R.S. 1997 (guardian ad litem appointed in dependency and neglect proceedings shall be an attorney-at-law); § 19–3–602(3), C.R.S.1997 (guardian ad litem, who shall be attorney experienced whenever possible in juvenile law, shall represent the child's best interest in termination hearing).

## II.

■ Father also contends that the trial court erred in denying his request for a free transcript on appeal. We find no error.

Upon request, an indigent party whose parental rights have been terminated must be provided a transcript at the expense of the state on appeal. Section 19–3–609(2), C.R.S.1997. Pursuant to C.A.R. 12(b), a party who proceeded as an indigent in the trial court may proceed as an indigent on appeal without further authorization unless the trial court finds, in writing, that the party is no longer entitled to so proceed.

A determination of indigency lies within the discretion of the trial court. In order to make its determination, the trial court may order the production of any documents or evidence it deems necessary. *See Vance v. District Court,* 908 P.2d 1189 (Colo.App. 1995).

Although Father proceeded as an indigent through the termination proceedings, the trial court reserved ruling on his request for a free transcript on appeal pending receipt of a current financial affidavit. The court sought the information in light of evidence presented during the termination hearing that indicated Father had obtained full-time employment.

The trial court denied the request for a free transcript because Father failed to submit a current financial affidavit, leaving the court unable to determine whether he continued to be indigent. We find no abuse of discretion in the trial court's ruling. *See Vance v. District Court, supra.*

The judgment is affirmed.

HUME and JONES, JJ., concur.